FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

12 JAN 25 AM 10: 45

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

CASE NO.

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BURTON DOUGLAS MORRISS, | ) |
| ACARTHA GROUP, LLC, | ) |
| MIC VII, LLC, | ) 8:12mc11 |
| ACARTHA TECHNOLOGY PARTNERS, LP, and | ) |
| GRYPHON INVESTMENTS III, LLC, | ) |
| | ) |
| Defendants, and | ) |
| | ) |
| MORRISS HOLDINGS, LLC, | ) |
| | ) |
| Relief Defendant. | ) |

## ORDER APPOINTING RECEIVER

**WHEREAS**, Plaintiff Securities and Exchange Commission has filed an emergency motion for the appointment of a Receiver over Defendants Acartha Group, LLC; MIC VII, LLC; Acartha Technology Partners, LP ("ATP"); and Gryphon Investments III, LLC (collectively, the "Investment Entities"), with full and exclusive power, duty and authority to: administer and manage the business affairs, funds, assets, choses in action and any other property of the Investment Entities; operate as the sole and exclusive managing member or partner of the Investment Entities; maintain sole authority to administer any and all bankruptcy cases in the manner determined to be in the best interests of the estates of Acartha Group, MIC VII, ATP, and Gryphon Investments; marshal and safeguard all of the assets of the Investment Entities and take whatever actions are necessary for the protection of investors;

**WHEREAS**, the Commission has made a sufficient and proper showing in support of the relief requested by evidence demonstrating a *prima facie* case of violations of the federal securities laws by Acartha Group, MIC VII, ATP, and Gryphon Investments;

**WHEREAS**, the Commission has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of Acartha Group, MIC VII, ATP, and Gryphon Investments, including any properties, assets and other items held in the name of Acartha Group, MIC VII, ATP, and Gryphon Investments, and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court;

**NOW, THEREFORE, IT IS ORDERED AND ADJUDGED** that _Claire M. Schenk_ is hereby appointed the Receiver over Acartha Group, MIC VII, ATP, and Gryphon Investments and each of their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

1. Take immediate possession of all property, assets and estates of every kind of the Investment Entities whatsoever and wheresoever located, including but not limited to all offices maintained by the Investment Entities' rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the Investment Entities, wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2. Investigate the manner in which the affairs of the Investment Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the

Investment Entities and their investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred money or other proceeds directly or indirectly traceable from investors in Acartha Group, MIC VII, ATP, and Gryphon Investments, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in Acartha Group, MIC VII, ATP, and Gryphon Investments; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Missouri Statute § 428.005, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3. Present to this Court a report reflecting the existence and value of the assets of the Investment Entities and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Investment Entities;

4. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of the Investment Entities and exercising the power granted by this Order, subject to approval by this Court;

5. Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm;

6. Defend, compromise or settle legal actions, including the instant proceeding, in which Acartha Group, MIC VII, ATP, or Gryphon Investments or the Receiver are a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where Acartha Group, MIC VII, ATP, or Gryphon Investments is a nominal party, as in certain foreclosure actions where the action does not effect a claim against or adversely affect the assets of Acartha Group, MIC VII, ATP, or Gryphon Investments, the Receiver may file appropriate pleadings at the Receiver's discretion. The Receiver may waive any attorney-client or other privilege held by Acartha Group, MIC VII, ATP, and Gryphon Investments;

7. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of Acartha Group, MIC VII, ATP, and Gryphon Investments and, upon, order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

8. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

9. Have access to and review all mail of Acartha Group, MIC VII, ATP, and Gryphon Investments (except for mail that appears on its face to be purely personal or attorney-client privileged) received at any office or address of Acartha Group, MIC VII, ATP, and Gryphon Investments.

**IT IS FURTHER ORDERED AND ADJUDGED** that, in connection with the appointment of the Receiver provided for above:

10. Acartha Group, MIC VII, ATP, and Gryphon Investments, and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of the Investment Entities shall deliver forthwith upon demand such property, money, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of the Investment Entities;

11. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, Acartha Group, MIC VII, ATP, or Gryphon Investments or the Defendants shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12. Unless authorized by the Receiver, Acartha Group, MIC VII, ATP, and Gryphon Investments, and their principals shall take no action, nor purport to take any action, in the name of or on behalf of the Investment Entities;

13. Acartha Group, MIC VII, ATP, and Gryphon Investments, their principals, and their respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, appearing for deposition testimony upon two days notice (by facsimile), and producing documents upon two days notice, while the Commission's request for an asset freeze is pending. Acartha Group, MIC VII, ATP, and Gryphon Investments and their principals and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner,

directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14. The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by Acartha Group, MIC VII, ATP, and Gryphon Investments; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court; subject to the conditions of Paragraph 26;

15. During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of Acartha Group, MIC VII, ATP, and Gryphon Investments;

16. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to Acartha Group, MIC VII, ATP, and Gryphon Investments;

17. Title to all property, real or personal, all contracts, rights of action and all books and records of the Investment Entities and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

18. Upon request by the Receiver, any company providing telephone services to Acartha Group, MIC VII, ATP, and Gryphon Investments shall provide a reference of calls from any number presently assigned to the Investment Entities to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

19. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to Acartha Group, MIC VII, ATP, and Gryphon Investments shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

20. The United States Postal Service is directed to provide any information requested by the Receiver regarding Acartha Group, MIC VII, ATP, and Gryphon Investments and to handle future deliveries of the mail of Acartha Group, MIC VII, ATP, and Gryphon Investments as directed by the Receiver;

21. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

22. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by Acartha Group, MIC VII, ATP, and Gryphon Investments, or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

23. Service of this Order shall be sufficient if made upon Acartha Group, MIC VII, ATP, and Gryphon Investments and their principals by facsimile or overnight courier;

24. In the event the Receiver discovers that funds of persons who have invested in Acartha Group, MIC VII, ATP, and Gryphon Investments or have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver

possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds;

25. This Court shall retain jurisdiction of this matter for all purposes.

26. The Receiver shall file applications with this Court for fees and costs for himself and any counsel or other professionals he retains on a quarterly basis. The applications shall include itemized and detailed bills for all fees sought, and receipts or other appropriate documentation for all expenses and costs sought. Simultaneously with filing the fee applications, the Receiver shall file a quarterly report with the Court detailing actions taken and results achieved in the previous quarter. At least 10 days before filing any fee application with the Court, the Receiver shall submit a draft of the application for review to the Securities and Exchange Commission.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court has jurisdiction to determine the effect of any bankruptcy proceeding may have on this matter.

**IT IS FURTHER ORDERED AND ADJUDGED** that the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to this matter and the equitable relief requested by the Commission.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Receiver is authorized, solely and exclusively, to operate and manage the businesses and financial affairs of Defendant Acartha Group, MIC VII, ATP, and Gryphon Investments and the Receiver Estates.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Receiver shall succeed to all rights and powers of managing member and/or managing partner of Acartha Group, MIC VII, ATP, and Gryphon Investments and shall have the sole and exclusive right and authority to take all actions necessary in such capacity, including, but not limited to, filing bankruptcy petitions on

behalf of Acartha Group, MIC VII, ATP, and Gryphon Investments and to act as debtor-in-possession, subject to further order of the Bankruptcy Court.

**DONE AND ORDERED** this _17th_ day of January, 2012, in _St. Louis_, Missouri.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Adam L. Schwartz, Esq.
Robert K. Levenson, Esq.